IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEA-WATCH TECHNOLOGIES, INC. and LORETTA KISH,<br><br>    Plaintiffs,<br><br>v.<br><br>BRUNSWICK CORPORATION,<br><br>    Defendant. | MBD No. 05-MC-1337-RWZ<br><br>Civil Action No. 04 C 5307<br><br>U.S. District Court for the Northern District of Illinois, Eastern Division |

## SUBPOENAED PARTY MAPTECH INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Maptech, Inc., ("Maptech"), by its attorneys, respectfully submits this memorandum of law in support of its Motion for a Protective Order to limit the scope of Maptech's document production and categories for deposition and to provide relief from an unreasonably short time period to respond to Plaintiffs' subpoena dated September 8, 2005. See Subpoena dated September 8, 2005 attached hereto as Exhibit A. For the reasons set forth below, Maptech's motion for a protective order should be granted.

1.  Maptech is a party unrelated to the present lawsuit. Maptech's only relationship to the instant action is its business relationship with the defendant Brunswick Corporation.

2.  The subpoena requests that Maptech produce certain documents by September 2005 -- just eight (8) days after serving the subpoena upon Maptech. Maptech is therefore unduly burdened by having to produce documents within an unreasonable time, in violation of Fed. R. Civ. P. 45(c)(3)(A).

3.  Plaintiffs' document requests and deposition categories are also overly broad and unduly burdensome on Maptech, a non-party to the lawsuit. Plaintiffs bring this lawsuit alleging that Defendant Brunswick ("Brunswick") misappropriated Plaintiff Sea-Watch's ("Sea-Watch

BOS-897277 v1 5548004-0001

trade secrets and that Brunswick breached a confidentiality agreement with respect to Sea-Watch's allegedly proprietary system for monitoring boats. Several of the document request and deposition categories seek information that Plaintiffs can obtain directly from Brunswick that are irrelevant to the litigation, and are therefore overly broad and unduly burdensome.

    4.    Specifically, document request Nos. 2, 3, and 6 are overly broad and unduly burdensome because they seek documents relating to Maptech's technical design, marketing, d sales of its various boat monitoring products. For example, request No. 2 calls for "[a]ny ces documents pertaining to the Sea Ray Navigator, Sea Ray Navigator II, and i3", and thus is nc limited to information that may have been received by Maptech from Brunswick. Similarly, request No. 3 calls for all marketing materials related to Maptech's Sea Ray Navigator, Sea R Navigator II, and i3, without limitation to the information that Maptech received from Brunswick. Finally, request No. 6 calls for documents regarding sales revenues, profits and margins received by Maptech. To the extent this information could inferentially reflect Brunswick's revenues, profits or margins, it can be more readily discovered directly from Brunswick. To the extent it does not reflect Brunswick's revenues, profits or margins, it is entirely irrelevant to this case and improper for Plaintiffs to seek such information in this subpoena.

    5.    If permitted a reasonable time for response, such as September 30, 2005, Mapt( would not oppose responding to document request Nos. 1, 4 and 5 because these requests relat solely to information regarding Maptech's relationship with Brunswick or Sea Ray, and are th related in some way to the present case.

    6.    Plaintiffs have also ordered that Maptech appear for a deposition on September 29, 2005. However, the categories of information that Plaintiffs seek to discover during this deposition follow each of the document requests objected to above. In particular, deposition

category Nos. 2 (sic, the second 2), 3, and 6 are overly broad and unduly burdensome for the same reasons discussed above. Maptech presently raises no objection to the scope of deposition categories 1, 2, 4 and 5.

Wherefore, Maptech respectfully moves for a Protective Order modifying the overly broad and unduly burdensome subpoena dated September 8, 2005 by: (1) resetting the time period by which Maptech must respond to the subpoena dated September 8, 2005 to a more reasonable date, such as by September 30, 2005, (2) limiting the scope of the document request to include only document request Nos. 1, 4 and 5, and (3) limiting the scope of the deposition categories to include only deposition categories 1, 2, 4 and 5.

Respectfully submitted,

MAPTECH, INC.,

By: _____
Mark E. Haddad (BBO#215950)
Stacey L. Gorman (BBO#655147)
Kirkpatrick & Lockhart Nicholson Graham L
75 State Street
Boston, MA 02109
(617) 261-3100

OF COUNSEL:
Peter B. Newton, Esq. (6185813)
Michael G. Kelber, Esq. (6231033)
Thomas E. Williams, Esq. (6279511)
Dexter G. Benoit, Esq. (6284677)
Neal, Gerber & Eisenberg LLP
Two North LaSalle St., Suite 2200
Chicago, IL 60602
Phone: (312) 269-8000
FAX: (312) 269-1747

Dated: September 15, 2005

## CERTIFICATE OF SERVICE

I, Stacey L. Gorman, hereby certify that on September 15, 2005, a true and accurate copy of the foregoing Subpoenaed Party Maptech Inc.'s Memorandum in Support of Its Motion for Protective Order was delivered by facsimile and first class mail to all counsel of record.

_____
Stacey L. Gorman

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SEA-WATCH TECHNOLOGIES, INC., and
LORETTA KISH,
              Plaintiffs,

V.

BRUNSWICK CORPORATION,
              Defendant.

**SUBPOENA IN CIVIL CASE**

1/
CASE NUMBER: 04 C 5307
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN
DIVISION

TO: Maptech, Inc.
10 Industrial Way
Amesbury, Massachusetts 01913

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to te    ' in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Maptech, Inc., 10 Industrial Way, Amesbury, Massachusetts 01913 or any other mutually agreeable location; **See Attached Schedule B** | September 29, 2005, 9:00 a.r |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the pl date, and time specified below (list documents or objects):
**See Attached Schedule A**

| PLACE* Maptech, Inc.<br>10 Industrial Way<br>Amesbury, MA 01913 | DATE AND TIME<br><br>September 16, 2005 10:00 a, |
|---|---|

*or by Federal Express Delivery to Niro Scavone Haller & Niro for receipt on or before April 22, 2005 or at any other mutually convenient location.

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more offic directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*Kara Szpondowski* (Attorney for Plaintiff) | DATE<br><br>September 8, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kara L. Szpondowski
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison/Suite 4600
Chicago, Illinois 60602
(312) 236-0733

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
1/ If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

Sea-Watch Technologies, Inc. and Loretta Kish seek all non-privileged and non-work produc documents and things in the possession of or under control of Maptech, Inc. pertaining to:

1. Any communications or correspondence between Maptech and Brunswick Corporatio ("Brunswick") or Sea Ray Boats, Inc. ("Sea Ray") from February 2000 to the presen pertaining to the requirements, design, or implementation of vessel control and monitorin systems, including, but not limited to, the Sea Ray Navigator, Sea Ray Navigator II, and th i3.

2. Any design documents pertaining to the Sea Ray Navigator, Sea Ray Navigator II, and th i3, including, but not limited to, specifications, business requirements, functiona requirements, technical requirements, test plans, and work plans.

3. Any marketing materials pertaining to the Sea Ray Navigator, Sea Ray Navigator II, and th i3, including, but not limited to brochures, promotional materials, and advertising.

4. Any and all documents referring or relating to any work performed for or on behalf c Brunswick or Sea Ray since February 2000.

5. Any Agreements, Licenses, Letters of Intent, or Memoranda of Understanding betwee Maptech and Brunswick or Sea Ray since February 2000.

6. Any documents referring or relating to the annual, quarterly, and monthly sales revenue gross profits, and contribution margins received or realized by Maptech from sales of the Se Ray Navigator, Sea Ray Navigator II, or i3.

## SCHEDULE B

Sea-Watch Technologies, Inc. and Loretta Kish shall take the oral deposition of Maptech o September 29, 2005 on the following topics:

1. Any documents produced in response to Schedule A.

2. Any communications or correspondence between Maptech and Brunswick Corporatio ("Brunswick") or Sea Ray Boats, Inc. ("Sea Ray") from February 2000 to the presen pertaining to the requirements, design, or implementation of vessel control and monitorin systems, including, but not limited to, the Sea Ray Navigator, Sea Ray Navigator II, and th i3.

2. The design, specifications, business requirements, functional requirements, technica requirements, test plans, and work plans pertaining to the Sea Ray Navigator, Sea Ra Navigator II, and the i3.

3. The marketing of the Sea Ray Navigator, Sea Ray Navigator II, and the i3.

4. Any work performed for or on behalf of Brunswick Corporation or Sea Ray Boats sinc February 2000.

5. Any Agreements, Licenses, Letters of Intent, or Memoranda of Understanding betwee Maptech and Brunswick or Sea Ray since February 2000.

6. The annual, quarterly, and monthly sales revenue, gross profits, and contribution margin received or realized by Maptech from sales of the Sea Ray Navigator, Sea Ray Navigator I] or i3.